IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-01545-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Respondent's "Motion to Produce Affidavit" (ECF No. 15), which Petitioner has opposed. For the reasons stated below, Respondent's motion shall be granted in part and denied in part.

Petitioner Pierre Watson filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts the following seven grounds in support of his motion: (1) his defense attorney, Talmage E. Newton, IV, was ineffective for advising Petitioner to plead guilty when he knew that Petitioner was not guilty and that the government could not prove Petitioner's guilt beyond a reasonable doubt; (2) the prosecutor committed prosecutorial misconduct; (3) and (4) defense counsel was ineffective for not requesting an early disclosure of impeachment material and material under the Jencks Act, and for not reviewing this and other relevant material prior to Petitioner's change-of-plea hearing in order to impeach the government's witnesses; (5) defense counsel was ineffective for not fully investigating and utilizing discovery material in order to challenge or seek dismissal of certain of the charged counts; (6)

defense counsel was ineffective for not withdrawing from his representation of Petitioner during the direct appeal stage, after Petitioner asked the attorney to withdraw because the attorney refused to pursue certain claims on direct appeal; and (7) defense counsel was ineffective for refusing to file motions requesting the undersigned and another judge in this District to recuse themselves due to alleged conflicts of interest.

Respondent now seeks to an order form this Court requiring Newton to produce an affidavit regarding the issues raised in Petitioner's § 2255 motion. Respondent asserts that Newton initially consented to producing an affidavit in response to the assertions in Petitioner's motion, but that Newton later advised Respondent that he would not prepare the affidavit without a court order because he feared it could result in a breach of the attorney-client privilege. Respondent argues that Petitioner has waived the attorney-client privilege with respect to the allegations in his § 2255 motion. Therefore, Respondent requests an order directing Newton to provide an affidavit to Respondent responding to Petitioner's claims of ineffective assistance of counsel, as well as any documentation relevant to the claims raised.

Petitioner has opposed Respondent's motion and argues, primarily, that Respondent does not need evidence from Newton to respond to the § 2255 motion because other evidence of record supports Petitioner's claims.

It is well settled that when a § 2255 petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim. *See, e.g.*, *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *accord*, *United States v. Davis*, 583 F.3d 1081,

2

1090 (8th Cir. 2009). Thus, this Court specifically holds that Petitioner has waived the attorney-client privilege with respect to all communications with his attorney necessary to prove or disprove Petitioner's ineffective-assistance-of-counsel claims. The Court likewise agrees that information from Newton is necessary for Respondent to respond to the § 2255 motion.[1] Thus, as other judges in this District and elsewhere have ordered, the Court will authorize and order Newton to provide the requested information to Respondent promptly, so as to allow Respondent to prepare a response. *See, e.g.*, *Hayes v. United States*, No. 4:09CV531 CDP, 2009 WL 2071244 (E.D. Mo. July 13, 2009); *see also United States v. Pinson*, 584 F.3d 972, 978-79 (10th Cir. 2009) (finding no abuse of discretion to compel counsel to provide a declaration concerning ineffective assistance of counsel claims, but cautioning that such an order should be carefully tailored to protect Sixth Amendment rights); *United States v. Benge*, No. 6:12-CR-59-KKC-HAI, 2018 WL 2427373, at *3, n.2 (E.D. Ky. May 30, 2018) (collecting cases).

However, the Court declines to specify the form in which Newton is to disclose this information. Rather, the Court believes the proper course here is to make findings with respect to the scope of the waiver, and to order Newton to provide the information necessary to prepare a response. While Newton is certainly *permitted* to memorialize this information in an affidavit, absent a showing of necessity, the Court does not think it is

---

[1] To the extent that Petitioner contends that other evidence of record supports his claims, he may seek to submit that evidence, as appropriate, in a reply brief. The Court also notes that Petitioner has objected to Respondent's request for additional time to respond to the § 2255 motion. However, the Court believes that an extension of the response deadline is appropriate, to give Respondent enough time to obtain relevant information from Newton.

appropriate to order defense counsel to execute an affidavit, as opposed to other means, such as testifying at a hearing. Inasmuch as Respondent has asserted in its motion that Newton previously agreed to execute an affidavit but had concerns regarding a potential violation of privilege—which the Court has above addressed and resolved—it appears that no such order from this Court is required.

Accordingly,

**IT IS HEREBY ORDERED** that the Respondent's Motion to Produce Affidavit is **GRANTED in part and DENIED in part**, as follows:

a. Petitioner is found to have waived the attorney-client privilege with respect to all communications with his criminal defense attorney necessary to prove or disprove Petitioner's ineffective-assistance-of-counsel claims; and

b. Petitioner's prior defense counsel, Talmage E. Newton, IV, is authorized and ordered promptly to provide the requested information to Respondent, consistent with this Order, so as to permit Respondent to file a timely response to the § 2255 motion; and

c. On this record, Respondent's request that the Court order the prior defense counsel to provide the information in the form of affidavits is denied as unnecessary.

**IT IS FURTHER ORDERED** that, in light of the above, Respondent shall be granted an additional 30 days, until **October 9, 2019**, to file a response to the Court's order to show cause why the relief requested in Petitioner's motion to vacate should not be granted (*see* ECF No. 6).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2019.