IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE WATSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) ) Case No. 4:19-cv-01545-AGF |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of Petitioner's motion for disclosure of grand jury transcripts, which was initially filed pro se but has since been supplemented by Petitioner's appointed counsel. ECF No. 61. Petitioner requests disclosure of the transcripts of four grand jury proceedings in Petitioner's criminal case, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E), for use in connection with Petitioner's civil motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

In support of his motion, Petitioner argues that there is a particularized need for disclosure in order to support his § 2255 claims of ineffective assistance of counsel and prosecutorial misconduct based on *Brady* violations, *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Petitioner argues that inconsistencies between the original indictment and the three subsequent superseding indictments in his criminal case raise questions as to whether the grand jury transcripts will reveal exculpatory evidence that was not turned over to Petitioner. Alternatively, Petitioner requests that the Court review the transcripts *in camera*.

In response, the government maintains its position that there was no misconduct in the grand jury proceedings and that the transcripts will not assist Petitioner in proving his § 2255 claims. Nevertheless, balancing judicial economy and grand jury secrecy concerns, the government agrees that disclosure of the transcripts for the Court's *in camera* inspection is appropriate and has requested leave to produce the transcripts for such inspection.

Federal Rule of Criminal Procedure 6(e)(3)(E) provides that disclosure otherwise prohibited by the rule may be made when permitted by a court "preliminarily to or in connection with a judicial proceeding" or "[a]t the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Fed. R. Civ. P. 6(e)(3)(E). "It is well-established that a showing of particularized need is necessary before the court will accede to such a release" and that the decision is "left to the sound discretion of the trial judge." *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). The Supreme court has held:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations.

*Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

In light of the speculative nature of Petitioner's assertions, the Court is not convinced that the need for disclosure here is great. *See, e.g.*, *Tolliver v. United States*, No. 07-CV-525-JPG, 2008 WL 5057302, at *3 (S.D. Ill. Nov. 21, 2008) (rejecting a

§ 2255 petitioner's argument that disclosure of grand jury transcripts was necessary to prove that the "Government superceded the indictment against him because it found it could not prove the allegations of the original indictment," where the defendant was tried and convicted on the superseding indictment, and noting that "the Government's decision, for whatever reason, to seek a superceding indictment . . . does not impugn the validity of that indictment"). However, the interest in grand jury secrecy is also substantially reduced, although not eliminated, now that the grand jury has ended its activities. *See Douglas Oil*, 441 U.S. at 222. Therefore, on balance, the Court agrees with the government that an *in camera* inspection of the grand jury transcripts is appropriate under Rule 6(e).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to disclose grand jury transcripts is held in abeyance pending the Court's *in camera* review of the transcripts.

**IT IS FURTHER ORDERED** that the government's *ex parte* motion for *in camera* review of the grand jury transcripts is **GRANTED**. ECF No. 67.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2020.

3