IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PIERRE WATSON,                          )
                                        )
              Petitioner,               )
                                        )
       v.                               )          Case No. 4:19-cv-01545-AGF
                                        )
UNITED STATES OF AMERICA,               )
                                        )
              Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Petitioner Pierre Watson's Motion for Bail (Doc.  No. 62) in which Watson requests release pending the outcome of his petition under 28 U.S.C. § 2255.  The motion, filed by counsel, incorporates the earlier pro se motion filed by Watson (Doc. No. 58).  In support of his motion, Watson asserts that he should receive bail because his § 2255 case presents a "clear and readily evident case" entitling him to relief and that release is warranted due to exceptional circumstances in light of his medical conditions and the COVID-19 pandemic.  Watson recently supplemented his motion with respect to his medical condition.  (Doc. No. 82). The government has opposed Watson's motion, asserting Watson has not met the high burden required for release on bond.  (Doc. No. 64).  After careful review of the record, Watson's motion will be denied.

### Procedural History

Watson was indicted in the underlying criminal case on September 23, 2015, Case No. 4:15CR00440 AGF  (the "2015 Case").  In a third superseding indictment, Watson

was charged with the following:  Count One - conspiracy to defraud; Count Two - bank fraud; Counts Four and Five – aggravated identity theft; Counts Eight and Nine – passing counterfeit securities; Count Eleven – possessing an implement suitable for making counterfeit securities; and Count Twelve – tampering with a witness.   Watson is alleged to have committed some of the events giving rise to the charges in the third superseding indictment while on escape status.[1]  Watson pled guilty to Counts One, Two and Nine,[2] and following a bench trial before the undersigned, was found guilty on Counts Eight, Eleven and Twelve.  On June 16, 2017, Watson was sentenced to 60 months on Count One, and 84 months on Counts Two, Eight, Eleven, and Twelve, all such terms to run concurrently.  His conviction was affirmed on appeal.

Prior to the conclusion of the 2015 Case, Watson was charged in a new case. Following the issuance of a criminal complaint, Watson and two co-defendants were charged by indictment on August 3, 2016 with one count of conspiracy to commit bank fraud and wire fraud, three counts of bank fraud, and one count of aggravated identity

---

[1] Two months prior to the indictment in this case, Watson was indicted on charges of escape from custody in Case No. 4:15CR00350 CDP (the "2015 Escape Case").  As set forth in the indictment in the 2015 Escape Case, on April 7, 2015, Watson escaped from a halfway house where he had been confined following his conviction for bank fraud in Case No. 4:08CR00655 HEA.  On January 19, 2016, Judge Perry sentenced Watson to a term of imprisonment of 18 months on the 2015 Escape Case, to run consecutive to any sentence imposed in the 2015 Case at issue herein.  Case No. 4:15CR00350 CDP, Doc. No. 37.  The conviction was affirmed on appeal.  On July 21, 2018, Judge Perry denied Watson's motion to reconsider the order that the sentence run consecutive to the sentence imposed in this case.

[2] Watson's plea of guilty to Count Nine was later withdrawn and dismissed on motion of the United States.

theft, Case No. 4:16CR336 JAR (the "2016 Case").   The charges related to conduct alleged to have occurred while Watson was in custody at the Jennings Correctional Facility awaiting trial in the 2015 Case.   Following a bench trial, Watson was found guilty on Counts One – Four, and not guilty on Count Five.   At sentencing, on November 16, 2017, Judge Ross varied upward from the Sentencing Guideline range and imposed a sentence of 48 months, to run consecutive to Watson's sentence on the 2015 Case.   Case No. 4:16CR336 JAR, Doc. No. 133.   The conviction and sentence were affirmed on appeal.

Watson is currently serving his sentence in the 2015 Case.[3]   He filed his pro se Motion to Vacate, Set Aside or Correct Sentence under 18 U.S.C. § 2255 on May 31, 2019.   In his § 2255 motion, Watson asserts numerous grounds, including arguments of prosecutorial misconduct and ineffective assistance of counsel.   By Order dated November 1, 2019, the Court set an evidentiary hearing on certain of Watson's claims for January 15, 2020, and provided Watson until November 15, 2019 to request appointment of counsel to represent him at the hearing.   At Watson's request, counsel was appointed to represent him.   In connection with the hearing, Watson was transferred to the facility at Randolph County, IL.   On motion of Watson, through counsel, the evidentiary hearing was continued to April 17, 2020.   In the interim, Watson filed numerous motions,

---

[3]   According to a Sentencing Computation Watson filed in the 2015 Escape Case, his projected satisfaction date on all sentences as of June 8, 2018, is July 24, 2026.  Case No. 4:15CR00350 CDP, Doc. No. 59-1.

including a motion for the disclosure of grand jury transcripts, which transcripts he asserts will support his various claims of prosecutorial misconduct.

In light of the COVID-19 pandemic, the Chief Judge of this District entered an order continuing all jury trials and other live court proceedings scheduled to begin before July 5, 2020, and directed that court proceedings be delayed or conducted remotely.   As a result, the Court contacted counsel to determine whether the parties wished to proceed remotely.  Because Watson advised that he wished to have an in-person, rather than a remote proceeding, the evidentiary hearing was continued to August 18, 2020, at which time the Court hopes to be in a position to conduct an in-person hearing.  (Doc. No. 77). The Court notes that as of the date of this Order, in-person proceedings have not yet commenced in the Eastern Division of this District.

## DISCUSSION

Watson seeks release on bail pending a determination of habeas petition, under *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986).  As the government notes in its response, "[t[here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (citing cases).  Because it is an exceptional form of relief, the courts have set a high standard.  In *Martin v. Solem*, the Eighth Circuit held release on bail pending disposition of a habeas petition "requires the habeas petitioner to show not only a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts, . . . but

4

also the existence of some circumstance making the request exceptional and deserving of special treatment in the interests of justice."  801 F.2d at 329 (citations omitted).

Here, Watson has failed to meet his burden with respect to either requirement. Based on this Court's review of the claims asserted in his petition, and the grand jury transcripts that were submitted for *in camera* review,[4] the Court cannot say at this point that Watson has shown the existence of a substantial federal constitutional claim, or that the facts of that claim are clear and evident.   Indeed, some of the claims asserted are similar to arguments this Court rejected as a basis to permit Watson to withdraw his guilty plea, which ruling was affirmed on appeal.

Nor has Watson shown exceptional circumstances warrant his admittance to bail. Watson argues that his health conditions, including asthma, high blood pressure, and high cholesterol, as well as conditions relating to a head injury in 2017, present exceptional circumstances, in light of the COVID-19 pandemic.  The Court is not persuaded.  Watson has offered no treatment records in support of his assertions.  With respect to these medical conditions, the presentence investigation report ("PSR") in the 2015 Case reflects only the following:  "Watson reported a history of kidney stones and high blood pressure, but that these conditions are under control."  Case No. 4:15CR00440 AGF, Doc. No. 340, at 27.  The PSR in the 2016 Case, filed in November 2017, said the same. Case No. 4:16CR00336 JAR, Doc. No. 124, at 26.  Watson presents no evidence or details with respect to his blood pressure, and no evidence whatsoever with respect to any

---

[4] Following *in camera* review, the Court has denied, by separate order, Petitioner's motion for disclosure of grand jury transcripts.

conditions of asthma or high cholesterol.  In his Supplement, Watson has presented some evidence, in the form of disclosure documents, that he was prescribed Doxycycline and Sulfamethoxazole and Trimethoprim tablets in connection with his head injury.  But these disclosure documents appear to  have been issued on or about June 6, 2018.  He also presented a disclosure document relating to Citalopram, which he asserts is medication to address nerve damage from the previous assault and cyst on his head, and this document is dated September 5, 2018.  The Court has no basis to assess Watson's present medical condition or conclude that Watson's medical conditions are not being properly addressed.  Nor has he presented any evidence that the risk of COVID-19 is particularly prevalent at the facility in Randolph County.  Indeed, the government was aware of no reported cases at the time of its opposition brief.

In an analogous context, when considering motions for compassionate release, the courts have recognized that neither the mere existence of COVID-19 in society nor the inability to practice social distancing in jail or prison facilities will alone justify compassionate release.[5]  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, defendants are required to demonstrate, with proper evidence, that they have a medical condition that places them at heightened risk at the particular facility either for contracting the disease or for more serious complications due to COVID-19.  *See, e.g., United States v. Hamilton*, No. 19-CR-54-01 (NGG), 2020 WL 1323036, at *2 (E.D.

---

[5]  Watson has not filed a motion for compassionate release under the First Step Act.  Had he filed such a motion, in addition to showing heightened medical risks in light of COVID-19, he would also need to establish that he had properly exhausted his administrative rights through the Bureau of Prisons.

6

N.Y. Mar. 20, 2020) (denying motion for compassionate release where there had been no reported incidents of COVID-19 at the facility); *United States v. Clark*, 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release, in part, because inmate failed to provide medical records to substantiate medical claims).   Watson has made no such showing here.  For these reasons, Watson's motion for bail will be denied.

Indeed, even if there were a basis to admit Watson to bond on this case pending a ruling on his post-conviction motion – and the Court finds no such basis – it is questionable whether he would be eligible for release in any event.  Watson's petition relates solely to his conviction in the 2015 Case.  The fact remains, however, that Watson is also in BOP custody awaiting service of a sentence of 48 months in connection with his 2016 Case.  And no post-conviction motion or other request for relief has been filed in that case.  In his *pro se* motion, Watson posits that he would be eligible for release if the Court were to vacate his sentence in the instant case, but for the reasons stated above, the Court can make no such assumption.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Bail is **DENIED**.  Doc. Nos. 62 and 82.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2020.

7