IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE WATSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:19-cv-01545-AGF ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Pierre Watson's *pro se* Motion for Leave Requesting Permission from District Court to be Sworn in as Co-Counsel (Doc. No. 78). The motion is filed in connection with Watson's motion to vacate, set aside or correct his sentence, under 28 U.S.C. § 2255. Counsel has been appointed to represent Watson in connection with the evidentiary hearing scheduled for August 18, 2020.

It is difficult to determine exactly what relief Petitioner is seeking. He asserts the following in his *pro se* motion:

(a) Due to COVID-19, he is seeking an expeditious decision;

(b) He has a "personal stake in the outcome of the controversy so as to warrant his invocation of Federal Court Jurisdiction," citing to a civil case regarding standing by an organization to challenge government regulations;

(c) His length of incarceration, coupled with the severity of the claims of prosecutorial misconduct and ineffective assistance of counsel asserted in his petition, coupled with his health concerns, is sufficient to support a finding that administrative delay has handicapped him in mounting a defense. He notes that COVID-19 has created

limitations on in person legal visits and "technical devices" to cure the inability to have in person visits are "prejudicial" given that one of his assertions of prosecutorial misconduct relates to claims of listening to Watson's phone calls;

(d)  He is being subjected to cruel and unusual punishment by being detained in a County Jail where he will eventually be exposed to COVID-19, while awaiting a hearing with no definite date in the near future;

(e)  Rule 8(c) of the Federal Rules Governing Section 2255 motions requires that evidentiary hearings, if granted, be held as soon as practicable.  He asserts that seven months is more than enough time to hold the hearing, but due to the pandemic and the Court's administrative orders, it cannot be held as soon as practicable;

(f)  He is in limbo and his request for bail should be decided and granted;  and

(g)  Detaining him indefinitely deprives him of the ability to participate in First Step Act programs and being granted "compassionate release."

Watson's arguments are unfounded, and do not support the relief he seeks.  With respect to the hearing date, the Court notes that the hearing was set as soon as practicable.  The United States filed its Response to the Order to Show Cause on October 11, 2019.  On November 1, 2019, the Court determined to hold an evidentiary hearing on certain of Watson's claims, and set the hearing for January 15, 2020.  Watson confirmed his desire to have counsel represent him (Doc. No. 30), and after he filed a financial affidavit, experienced counsel from the Court's CJA Panel was appointed on November 22, 2019.  Counsel

thereafter filed a motion to continue the evidentiary hearing until April 17, 2020, which motion the Court granted.  (Doc. Nos. 34 & 35).[1]

In the interim, Watson continued to file numerous *pro se* motions, including a motion for the disclosure of grand jury transcripts and for subpoena power to subpoena the prosecutor in his criminal case and his prior defense attorney.  Certain of Watson's filings were stricken, including the pro se motion for grand jury transcripts, because Watson was represented by counsel, and appointed counsel was directed to determine whether it was appropriate to file such documents on Watson's behalf.  (Doc. No. 56).  *See United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) ("There is no constitutional or statutory right to simultaneously proceed *pro se* and with the benefit of counsel.").

In late March, 2020, in light of the COVID-19 pandemic, the Chief Judge of this District entered an order continuing all jury trials and other live court proceedings scheduled to begin before July 5, 2020, and directed that court proceedings be delayed or conducted remotely.  As a result, the Court contacted counsel to determine whether the parties wished to proceed remotely.  Because Watson advised that he wished to have an in-person, rather than a remote proceeding, the evidentiary hearing was continued to August 18, 2020, at

---

[1]  In a *pro se* filing on January 13, 2020, Watson alleged he had been transferred from the Bureau of Prisons on a writ to the Randolph County Jail during the third week of November, and requested transfer to different facility.  (Doc. No. 37).  Counsel was directed to address the matter with Watson, and file for relief if appropriate.  Watson also filed a *pro se* motion to reconsider extending the date for the hearing, asserting he had not authorized the extension and that his attorney "had ample enough time to prepare for this evidentiary hearing." (Doc. No. 39).  He further indicated that if his attorney did not agree with his request to reconsider the delay, he requested "a hearing in order for Petitioner to retain new counsel."  That motion was denied.  (Doc. No. 40).  As the Court noted, any appointment of new counsel would undoubtedly have necessitated a continuance of the hearing to its then current setting, if not beyond, to permit counsel to prepare.  Watson was also advised that if he wished to retain private counsel, he could do so at any time.

which time the Court hopes to be in a position to conduct an in-person hearing. (Doc. No. 77). The Court notes that as of the date of this Order, in-person proceedings have not yet commenced in the Eastern Division of this District.

Thus, Watson is not "in limbo" with an indefinite setting, as he asserts. The Court has, in fact, scheduled the evidentiary hearing, and it was scheduled as soon as practicable in this matter. Rule 8(c) of the Rules Governing Section 2255 Proceedings, cited by Watson, states that the hearing must be conducted as soon as practicable "after giving the attorneys adequate time to investigate and prepare." Whatever relief Watson seeks can do nothing to accelerate the hearing date, in light of his request for an in-person hearing.

Further, the Court has considered and denied his motion for release on bail pending a ruling on his § 2255 motion. In connection with that order, the Court determined that Watson's current health conditions in light of the COVID-19 pandemic did not constitute exceptional circumstances entitling him to release on bail pending a ruling on his petition. (Doc. No. 87). And the Court is unaware of any effort by Watson to request compassionate release under the First Step Act.

As stated above, Watson has no right "to simultaneously proceed pro se *and* with the benefit of counsel." *Fiorito v. United States*, 821 F.3d 999, 1003 (8th Cir. 2016) (emphasis in original) (citing *Agofsky*, 20 F.3d at 872). While the Court has discretion to permit hybrid representation, Watson has provided no basis for that, and the Court sees no reason to exercise its discretion to permit such representation in this case. Experienced counsel has been appointed to represent Watson. Watson has not suggested any inability or unwillingness of counsel to represent him properly. Indeed, in opposing any requests for additional time by either the United States or his attorney, he has previously asserted that "at

4

least ninety five percent of his petition is based off of the original case file" and that counsel should not need additional time to prepare. (Doc. Nos. 18 and 39). And permitting him to be "co-counsel" could unduly complicate the hearing and will do nothing to accelerate the hearing date. The Court has scheduled the hearing as soon as practicable in light of Watson's desire to have an in-person hearing, and will continue to do so should any further continuance be required in light of the pandemic. To the extent Watson has some concern about his ability to confer with counsel, the Court will contact the U.S. Marshals to determine whether videoconferencing can be arranged. The Court is unpersuaded by Watson's suggestions that he cannot effectively and fairly communicate with counsel by teleconference or videoconference.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *pro se* Motion for Leave Requesting Permission from District Court to be Sworn in as Co-Counsel is **DENIED**. Doc. No. 78.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2020.