IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE WATSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-01545-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Petitioner's motion (ECF No. 94) to compel the testimony of Assistant United States Attorney ("AUSA") Tracy Berry in connection with the upcoming evidentiary hearing on Petitioner's civil motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court will deny Petitioner's motion.

## BACKGROUND

Petitioner's § 2255 motion alleges multiple claims of ineffective assistance of counsel by his trial counsel, Talmage Newton, and of prosecutorial misconduct by AUSA Berry in his underlying criminal case, No. 4:15-CR-00440 AGF. An evidentiary hearing on Petitioner's § 2255 motion is currently set for October 5, 2020.

On or about April 24, 2020, Petitioner served a subpoena on AUSA Berry, requesting her testimony at the evidentiary hearing. The government has objected to the subpoena, and on July 24, 2020, Petitioner filed the instant motion to compel.

In support of his motion to compel, Petitioner asserts that he wishes to elicit testimony from AUSA Berry regarding the following topics: (1) information relating to the reception and disclosure of discovery documents in his criminal case; (2) information relating to the contents of investigative reports replied upon in the criminal case; and (3) information relating to whether or not those reports were presented to or relied upon at the grand jury proceedings relating to the criminal case.[1]

Petitioner asserts that disclosure of this information would not violate the Department of Justice's "Touhy"[2] regulations, 28 C.F.R. §§ 16.21-.29, which prohibits disclosure of investigative techniques or interference with grand jury secrecy, in light of the limited scope of the topics.

Petitioner further asserts that the requested testimony is necessary to prove his § 2255 claims asserting prosecutorial misconduct. Petitioner refers specifically to a Maryland Heights Police report prepared in connection with Petitioner's arrest in the underlying criminal case and the seizure of evidence from his vehicle, as well as the Secret Service report detailing Petitioner's arrest. The significance of these reports, according to Petitioner, is that the Maryland Heights Police report does not mention any checks with the name of Sher & Shabsin, P.C., despite mentioning the company names listed on other checks seized from Petitioner's vehicle. The Secret Service report,

---

[1] The Court has already denied Petitioner's motion for disclosure of the grand jury transcripts, following *in camera* review of those transcripts. *See* ECF No. 86.

[2] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

however, states that two Sher & Shabsin checks were seized from Petitioner's vehicle in connection with his arrest.

The Sher & Shabsin checks are the subject of certain of the counterfeiting charges at issue in Petitioner's § 2255 motion. Petitioner asserts that he received copies of the Sher & Shabsin checks along with the Maryland Heights Police report during the discovery process, but he does not know whether the copies of the checks were included in the arrest report or were added some time after his arrest.

Petitioner asserts that if the Sher & Shabsin checks were not actually seized from his vehicle at the time of his arrest, that fact could have been used both to mount a stronger defense to the counts involving checks and to impeach the credibility of the Secret Service agent who drafted the Secret Service report and who testified at Petitioner's sentencing. Petitioner seeks to prove that AUSA Berry was aware of the inconsistency between the police report and the Secret Service report but failed to disclose the inconsistency to Petitioner or to the grand jury, thus supporting Petitioner's § 2255 claims of prosecutorial misconduct.

The government opposes Petitioner's motion and has moved to quash the subpoena served on AUSA Berry.

## **DISCUSSION**

Although there is not a wealth of caselaw discussing the standard for compelling the testimony of an AUSA in this context, the parties generally agree that it is Petitioner's burden to demonstrate that the testimony sought is relevant and that the information cannot be obtained from another source. *See* Pet's Mot., ECF No. 94 at 3 (citing *In re*

3

*United States*, 197 F.3d 310, 314 (8th Cir. 1999) (holding that high government officials should not be called to testify unless "the discovery sought is relevant and necessary and that it cannot otherwise be obtained") (citation omitted)); Resp't Opp'n, ECF No. 120 at 4 (citing *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991) (holding in the context of a criminal case, that "[t]he party seeking such testimony must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony") (citation omitted)).

    Petitioner has not met that burden. He has failed to establish that the testimony he seeks is particularly relevant or that the underlying information could not be obtained from other sources. Petitioner's primary question is whether the Sher & Shabsin checks were in fact seized from his vehicle at the time of his arrest. The best person to answer that question is not AUSA Berry but the Maryland Heights Police officers who participated in the search of Petitioner's vehicle. Likewise, information as to why the checks were so referenced in the Secret Service report may be obtained from the agent or agents who prepared that report. Finally, Petitioner and his defense attorney may testify as to how and when various discovery materials were received by Petitioner. Petitioner simply does not need AUSA Berry's testimony to determine whether there was any inconsistency and, if so, whether it was properly disclosed.

## **CONCLUSION**

    Accordingly,

    **IT IS HEREBY ORDERED** that Petitioner's motion to motion to compel the testimony of Assistant United States Attorney Tracy Berry is **DENIED**. ECF No. 94..

**IT IS FURTHER ORDERED** that the government's motion to quash the subpoena served on Assistant United States Attorney Tracy Berry is **GRANTED**.  ECF No. 120.

                                                     _____
                                                     AUDREY G. FLEISSIG
                                                     UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2020.